UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
|     Hardge, David | ) | |
| | ) | Case No.    05-43244-659 |
|     Debtor, | ) | |
| | ) | Chapter 7 |
| CHARLES E. RENDLEN, | ) | |
| UNITED STATES TRUSTEE, | ) | Judge Kathy A Surratt-States |
|     Plaintiff, | ) | |
| | ) | Adversary No.:    05-04254 |
| v. | ) | |
| | ) | **UNITED STATES TRUSTEE'S** |
| Beverly Holmes Diltz, Individually and | ) | **COMPLAINT FOR INJUNCTION** |
| as a Member of Critique Services, LLC | ) | **AND FEE DISGORGEMENT** |
| a Missouri Limited Liability Company, | ) | |
| d/b/a Critique Services, | ) | |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Critique Services, LLC, | ) | |
| a Missouri Limited Liability Company, | ) | |
| d/b/a Critique Services, | ) | |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Renee Mayweather, | ) | |
|     Defendant. | ) | |

**DEFENDANTS' RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY**

    COME NOW Defendants Beverly Holmes Diltz, Renee Mayweather, and Critique Services, LLC and in response to the United States Trustee's Motion for Protective Order Limiting Discovery states as follows:

    1.    In discussions with counsel for the United States Trustee, these Defendants agreed

1

to limit the period covered by their subpoena to the U.S. Trustee to the last five years as stated in the U.S. Trustee's Motion. A copy of the subpoena is attached hereto.

2. These Defendants have agreed that the U.S. Trustee need only produce complaints filed with the office of the U.S. Trustee in the Eastern District of Missouri.

3. These Defendants have made clear to the U.S. Trustee that they are not seeking records of any past complaints against any of these Defendants. They are aware of those past complaints and have litigated them leading to the entry of various Consent Orders and to the instant litigation.

4. These Defendants, through counsel, made clear to the U.S. Trustee that they are seeking complaints against other attorneys and/or entities that helped prepare petitions for filing in the Bankruptcy Court in the Eastern District of Missouri and believed that counsel for the U.S. Trustee had agreed to the production of those records with the five year limitation. Apparently that was not so.

5. The documents sought are relevant and are not part of a "fishing expedition" as the U.S. Trustee contends. Rather, what is at issue is how the U.S. Trustee defines and includes within its purview of activity monitoring entities to determine whether they are Bankruptcy Petition Preparers and/or are properly acting under the guidance of an attorney. These matters are directly relevant to the efforts of the U.S. Trustee who through this action seeks to terminate Defendants' business even if Defendants' business practices comply with the last Consent Decree entered with the U.S. Trustee.

6. What is at issue in this litigation is how the U.S. Trustee interprets whether an employee, servant, or agent of an attorney gives "legal advice" or is properly acting within the

constraints of their duties as that attorney's employee, servant or agent as opposed to being bankruptcy petition preparers as such. What may or may not be considered legal advice and how that issue is interpreted by the U.S. Trustee who is bringing this complaint is also directly relevant to the issues at hand. The documents sought through the subpoena to the U.S. Trustee will reflect on the U.S. Trustee's interpretation of the issues in this litigation in the context of how it handles similar matters with other persons and entities.

7. By way of other example, the clerk of the Bankruptcy Court makes available publications that describe the operation of the bankruptcy law and how to fill out various forms that the clerk makes available to members of the public for filing a bankruptcy. The U.S. Trustee has often taken the position that if Defendants give the same advice as the clerk of the Bankruptcy Court, that they are giving legal advice. Defendants seek to know whether the U.S. Trustee has interpreted the same actions by others as giving legal advice.

8. The documents sought have been narrowed in scope and are reasonably calculated to lead to the discovery of admissible evidence and to illuminate the issues that will be litigated in a trial of this cause.

9. The Defendants are willing to keep such information confidential and not to disseminate it further unless it is used as evidence in a hearing. Even in that case, names of specific individuals may be redacted and identified simply as individual A, B, C, etc.

WHEREFORE, Defendants pray that this Honorable Court deny the U.S. Trustee's Motion for Protective Order except to the extent that the parties agree that the information be kept confidential and if used at trial be identified in generic terms as opposed to specific individual names and for such other relief as the Court deems just under the circumstances

3

herein.

                        Respectfully Submitted:

                        /s/ Laurence D. Mass
                        Laurence D. Mass    Fed. Bar #11373,
                                        Mo. Bar #30977
                        230 South Bemiston, Suite 1200
                        St. Louis, Missouri 63105
                        Telephone: (314) 862-3333 Ext.20
                        Facsimile: (314) 862-0605
                        laurencedmass@charter.net


**CERTIFICATE OF SERVICE**

     It is hereby certified that on this January 8, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to Mr. Peter Lumaghi, Office of United States Trustee, 111 S. 10th St., Suite 6.353, St. Louis, Missouri 63102.

                        /s/ Laurence D. Mass

4