UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | |
|    Hardge, David, | ) | Case No. 05-43244-659 |
| | ) | |
|                   Debtor. | ) | Chapter 7 |
| | ) | |
| NANCY J. GARGULA | ) | Judge Kathy A. Surratt-States |
| UNITED STATES TRUSTEE, | ) | |
|                   Plaintiff, | ) | Adversary No.05-04254-659 |
| | ) | |
|    v. | ) | |
| | ) | |
| BEVERLY HOLMES DILTZ, | ) | **SETTLEMENT AGREEMENT** |
| Individually and as a Member of | ) | **AND COURT ORDER** |
| Critique Services L.LC., | ) | |
| d.b.a Critique Services, | ) | |
|                   Defendant, | ) | |
| | ) | |
|       and | ) | |
| | ) | |
| CRITIQUE SERVICES, L.L.C., | ) | |
| a Missouri Limited Liability Company, | ) | |
| d/b/a Critique Services, | ) | |
|                   Defendant, | ) | |
| | ) | |
|       and | ) | |
| | ) | |
| RENEE MAYWEATHER, | ) | |
|                   Defendant. | ) | |

**SETTLEMENT AGREEMENT AND COURT ORDER**

      COMES NOW the United States Trustee for Region 13, Nancy J. Gargula, by her

attorney, Peter Lumaghi, and the Defendants Beverly Holmes Diltz, Critique Services, L.L.C.

and Renee Mayweather, by their counsel, Laurence D. Mass, Esq. and agree by their signatures

hereto to the following terms in full settlement of the allegations set out in the complaint filed by

the United States Trustee in this adversary action and to the entry of this Settlement Agreement

1

and Court Order by the Court.

**SETTLEMENT AGREEMENT**

1. Defendant Diltz, on behalf of herself, any entity, or person which she now or in the future controls, including but not limited to Critique Services, LLC d/b/a Critique Services (hereafter collectively referred to as "Defendant Diltz and Her Interests"), agree that they shall remain in compliance with and subject to any and all bankruptcy court orders entered against them, and that in the event of a conflict with the terms of this Settlement Agreement and Court Order and any prior order issued by a Court, the terms and provisions of the present Court Order shall control.

2. Defendant Diltz and Her Interests agree that she will not directly or indirectly through others meet with bankruptcy prospective clients/clients or create bankruptcy documents for consideration other than to file a bankruptcy petition for herself or for the bankruptcy case of any of Her Interests.

3. Defendant Diltz and Her Interests agree that the only services they shall provide to any attorney or business organization whose primary business is the practice of law in connection with bankruptcy case preparation are:

    A.    Office facilities and equipment;

    B.    Advertising and marketing;

    C.    Equipment and software training to the attorney, attorney's employees or the attorneys and employees of the business organization whose primary business is the practice of law;

    D.    License of use of the proprietary name, trade and service mark "Critique Services";

    E.    Software. Bankruptcy document preparation software shall be licensed

from a nationally recognized software provider;

F. Telephone number; and

G. Bookkeeping related to payroll, receivables, payables and required government forms, excepting bankruptcy-related documents.

4. Defendant Diltz and Her Interests agree that neither she nor any employee or contractor under her or Her Interests shall provide bankruptcy document preparation services to the general public.

5. Defendant Diltz and Her Interests agree that any business relationship with an attorney or business organization whose primary business is the practice of law shall only be by and pursuant to a written contract or license whose terms shall state, at a minimum, the following:

A. Defendant Diltz and Her Interests shall not provide any bankruptcy document preparation services directly or through others to the general public;

B. The attorney or business organization whose primary business is the practice of law business agrees that he/she will meet with all prospective bankruptcy clients before any non-attorney meets with a prospective bankruptcy client to discuss the prospective's financial and personal history and suitability for filing a bankruptcy case under a particular chapter of the United States Bankruptcy Code;

C. The attorney agrees to preserve all notes and records relating to each attorney-prospective client/client meeting as well as memorialize the date of each meeting;

D. The attorney or business organization whose primary business is the practice of law agrees to have each prospective client/client sign and date

3

an attorney meeting form for each attorney-prospective client/client meeting, a copy of which shall be given to the prospective client/client. These documents shall be retained by the attorney or business organization whose primary business is the practice of law and continue to be protected by any applicable attorney-client privilege;

E. The attorney or business organization whose primary business is the practice of law agrees that no prospective client/client will be permitted to sign any bankruptcy petition created for the purpose of being filed with any United States Bankruptcy Court unless and until the prospective client/client has personally reviewed for accuracy that document with the attorney;

F. The attorney or business organization whose primary business is the practice of law agrees to keep all bankruptcy documents which contain an original signature of each prospective client/client in accordance with applicable Bankruptcy Court Rules or Orders;

G. Defendant Diltz and Her Interests agree to make and preserve a record of the date, attendees and subject matter of each training session provided to the employees of an attorney or business organization whose primary business is the practice of law;

H. Defendant Diltz and Her Interests agree to accept payment of monies under the agreement or license with an attorney or business organization whose primary business is the practice of law only from the attorney or business organization and only upon presenting the attorney or business organization whose primary business is the practice of law with a billing

statement setting forth the particular service provided under the permissible services set out above. Defendant Diltz and the attorney or business organization whose primary business is the practice of law shall each agree to preserve and maintain these billing and payment records for a period of seven years from the date of the creation of the record;

I. The attorney or business organization whose primary business is the practice of law agree to preserve and maintain all records of all communications with a bankruptcy client, which records must state the date and substance of the communication. Such records will be made available to the U.S. Trustee upon request and the written waiver by the client of any applicable attorney-client privilege;

J. Defendant Diltz and Her Interests agree that Defendant Diltz shall not request nor accept on behalf of herself or any of Her Interests any attorney password to access any United States Bankruptcy Court's electronic document filing system for filing bankruptcy documents;

K. The attorney or business organization whose primary business is the practice of law agrees to file a bankruptcy petition for each client no later than fourteen days after the client signs the petition, unless the delay in filing after the fourteen day period is for the benefit of the client. But in no case shall the attorney or business organization whose primary business is the practice of law file a bankruptcy petition more than thirty days after the client has signed the petition; and

L. Defendant Diltz and Her Interests agree that a true copy of an agreement entered into pursuant to this Settlement Agreement by Defendant Diltz

5

and/or one or more of Her Interests with an attorney or business organization whose primary business is the practice of law shall be provided to the U.S. Trustee within ten (10) days of the date of a written request of the U.S. Trustee.

6. Defendant Mayweather agrees that she is permanently enjoined from the unauthorized practice of law and law business in and from the State of Missouri.  She agrees that she may only engage in providing bankruptcy services to the public as an employee under written contract with an attorney or business organization whose primary business is the practice of law.  She agrees that she is permanently enjoined from engaging in bankruptcy document preparation services on behalf of Defendant Diltz and Her Interests.

7. Defendants Diltz and Critique Services, LLC shall refund all fees paid for legal services by those bankruptcy clients deposed by the U.S. Trustee in the present litigation within one month from the date of the entry of this Settlement Agreement and Court Order by the Court.   Said Defendants shall make out checks payable to the order of each of the clients so deposed by the U.S. Trustee and forward the checks to the U.S. Trustee for distribution.

8. Defendants Diltz and Critique Services, L.L.C. shall pay Ms. E. Rebecca Case, Esq. as compensation for her time and services in assisting the U.S. Trustee to prepare for trial the sum of $1,200.00  to be paid in six monthly payments of $200.00 each beginning the first day of the month following the date of entry of this Settlement Agreement and Court Order by the Court (see Exhibit A attached hereto).

9. Defendants Diltz and Critique Services, L.L.C. shall reimburse the U.S. Trustee for the cost of taking depositions of Critique Services' clients in preparation for this litigation the sum of $2,015.00 in twelve equal installments of $167.92 each, beginning thirty days from the date this Settlement Agreement and Court Order becomes final. (see Exhibit B attached hereto).

6

10. Upon a finding that any Defendant has violated the terms of this Settlement Agreement and Consent Decree, the Court retains jurisdiction to enter an Order assessing penalties to punish each such violation found to have occurred.

Agreed to on this the 27th of July, 2007 by the signatures of the parties as set out below:

| | |
|---|---|
| UNITED STATES TRUSTEE<br>NANCY J. GARGULA | /s/ Beverly Holmes Diltz<br>DEFENDANT BEVERLY HOLMES DILTZ |
| /s/ Peter Lumaghi<br>PETER LUMAGHI MO24160/FED14577<br>111 S. 10th St., Ste. 6.353<br>St. Louis, Missouri 63102<br>tel. 314 539-2952<br>fax 314 512-2990<br>email peter.lumaghi@usdoj.gov | /s/ Beverly Holmes Diltz<br>BEVERLY HOLMES DILTZ as sole member of<br>OF DEFENDANT CRITIQUE SERVICES L.L.C.<br><br>/s/ Renee Mayweather<br>DEFENDANT RENEE MAYWEATHER<br><br>/s/ Laurence D. Mass, Esq.<br>LAURENCE D. MASS, ESQ.<br>Attorney for Defendants Beverly Holmes Diltz,<br>Critique Services, L.L.C., and Renee Mayweather. |

7

## COURT ORDER

The United States Trustee, Nancy J. Gargula, by her attorney, Peter Lumaghi, and the Defendants, Beverly Holmes Diltz, Critique Services L.L.C., and Renee Mayweather, by their attorney, Laurence D. Mass, Esq., having agreed by their signatures above to the terms of the Settlement Agreement as set out herein in full settlement of the Complaint filed in this Adversary and. the Court, being full advised in the premises,

**ORDERS** that the Settlement Agreement as set out herein is **APPROVED,** and the Defendants are hereby **ORDERED** to comply with paragraphs 1 through 9 of the Settlement Agreement, violation of which may subject a Defendant or Defendants to the imposition of sanctions by this Court.

/s/ Kathy A. Surratt-States
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: July 31, 2007
St. Louis, Missouri
JJH

<u>EXHIBIT A</u>

July 23, 2007

Office of the United States Trustee                                      Inv. # 86549

Complaint for Injunction, Sanctions and Disgorgement

| Date | Atty | Description | Hours |
|------|------|-------------|-------|

02/06/07 ERC  Reviewed fax from Peter Lumaghi; Email to Susan 0.90 Strube to pull files from storage; Reviewed U.S. Trustee complaint against Beverly Holmes and Renee Mayweather; Preparation for meeting with Peter Lumaghi and for trial (.9)

02/07/07 ERC  Reviewed 15 files in preparation for meeting with 1.30 Peter Lumaghi (1.3)

02/08/07 ERC  Conference with Peter Lumaghi; Susan Strube to 2.70 print all Schedules and Statements not from Pacer but from CD's with E. R. Case's recorded notes made at the Meeting of Creditors; Reviewed 15 files; Identified when each Debtor paid Critique, when each Debtor signed the Schedules and Statements, when the attorney signed the 2016, and when the case was filed; Shortest delay was two months and ten days; Longest delay was a year; Majority were not filed for over six months from date payment was received; Identified other problems with all of the cases: Schedule A - incomplete; Schedule B - incomplete or inaccurate - each Debtor had $1.00 or $10.00 no cash; No Debtor had a life insurance policy of any kind; Schedules D, E and F incomplete or inaccurate; No Debtor had a co-Debtor or a lease of any kind; Debtor listed charitable deductions on Schedule J but no gifts on the Statement of Financial Affairs; Debtors allowed to file without critique determining if federal and state income taxes owed were dischargeable (2.7)

05/07/07 ERC  Reviewed email from Peter Lumaghi regarding trial 0.20 was continued over the United States Trustee's

07/23/2007 10:43 FAX 3147218660                          STONE LEYTON                          0 003/004

9

Page 2
July 23, 2007
Officeof the United States Trustee Inv.# 86549

| Date | Attar | Description | Hours |
|---|---|---|---|
| | | Objections to August 1-3, 2007; IsE. R. Case available? Mr. Mass may want to depose E. R. Case (.1); Responded; E. R. Case is available for the trialon August 1-3, 2007 and is availableto be deposed (.1) | |
| 06/07/07 | ERC | Conference with Peter Lumaghi regarding trial preparation (.3) | 0.30 |
| 07/13/07 | ERC | Conference with Peter Lumaghi and Leonora Long re facts of the case and issues of the case (.5) | 0.50 |

Professional Fees

E. Rebecca Case        5,90 hr Q 260.00 $ 1534,00

    Total Professional Fees
    $ 1,534.00


TOTAL NEW CHARGES                                                                 $ 1,534.00


Summary of Account

            Balance Forward      $        0.00
            Total New Charges          1,534.00
         Payments and Credits              0.00


            TOTAL BALANCE DUE       $ 1,534.00


PLEASE MAKE YOUR CHECK PAYABLE TO
STONE, LEYTON & GERSHMAN

07/23/2007 10:43FAX 3147218660          STONE LEPTON          Z004/004

Page 3  
July 23, 2007  
Office of the United States Trustee Inv.# 86549

PAYMENT DUE ON RECEIPT

**EXHIBIT B**

**U.S. TRUSTEE'S COSTS FOR DEPOSTIONS
OF CRITIQUE SERVICES' CLIENTS**

| **NAME** | **DATE OF DEPOSITION** | **COST** |
|---|---|---|
| 1. Sheila Shortridge-Vaughn | May 12, 2006 | |
| 2. Kellie Shelton | May 12, 2006 | |
| 3. Toriandre Jenkins | May 12, 2006 | |
| 4. LaTonya McCullough | May 12, 2006 | Subtotal: $975.00 |
| 5. Tanis Jones | June 9, 2006 | |
| 6. Denise Quinn | June 9, 2006 | |
| 7. Gwendolyn King | June 9, 2006 | |
| 8. Shirley Damon | June 9, 2006 | |
| 9. Tawana Priestly | June 9, 2006 | Subtotal: $1,040.00 |
| | | Total: $2,015.00 |

Copies to:

Ms.Beverly Holmes Diltz
4009 Westminster Place
St. Louis, Missouri 63108

Ms. Renee Mayweather
2025 North 46th St.
East St. Louis, Illinois 62204

Mr. Laurence D. Mass, Esq.
230 S. Brentwood Blvd., Ste 1200
St. Louis, Missouri 63105